UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

Eastern District of Kentucky
FILED

MAY 9 – 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CRIMINAL CASE NO. 03-76-DCR
§2255 MOTION TO VACATE FILED AS:
CIVIL CASE NO. 05-45-DCR

UNITED STATES OF AMERICA                          PLAINTIFF

VS.                          **REPORT AND RECOMMENDATION**

AMY LEACH                                          DEFENDANT

**\*\*\*\*\*\*\***

This matter is before the Court upon the "Motion to Vacate, Set Aside, or Correct Sentence" (DE#25) pursuant to 28 U.S.C. §2255 by the pro se defendant, Amy Leach. The motion was referred to the undersigned Magistrate Judge for initial consideration and a report and recommendation. Having fully considered the record, including the motion (DE#25) and response (DE#31),[1] the undersigned Magistrate Judge recommends as follows:

## I. Proposed Finding of Facts

During an investigation of drug-trafficking, a cooperating witness for the DEA placed a phone call on November 12, 2002 to David Rains in order to arrange for the purchase of ten ounces (10 oz.) of cocaine. Amy Leach answered the phone, spoke with the cooperating witness, and then relayed the information to David Rains, who in turn, conducted the cocaine transaction.

On June 26, 2003, a London Grand Jury returned an eight-count indictment against David Rains, Amy Leach, and several co-defendants, charging them in Count One with conspiracy to knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Amy Leach was also charged in Count Two with conspiracy to

---

[1]Amy Leach was given time to file a reply, but did not do so.

possess with intent to distribute 100 kilograms of marijuana. Count Eight was a forfeiture count concerning personal and real property.

After plea negotiations, Leach entered into a written plea agreement, *see* DE#13, and the terms of the agreement were discussed with defendant in open court on December 5, 2003. Leach indicated that she understand and accepted the agreement's terms, including the waiver provision. See DE#31, Exh. 2, Transcript of Rearraignment, Tr 10-14, 18-19. On March 19, 2004, she pleaded guilty to a one-count information charging her with using a communication device (phone) to commit the felony offense of distribution of cocaine, a violation of 21 U.S.C. §843(b). Counts 1, 2, and 8 of the original indictment were dismissed as to Leach.

As part of this plea agreement, Leach waived her right to appeal her guilty plea and conviction, but not the sentence. She also waived her right to collaterally attack her guilty plea and conviction. See DE#31, Exh. 1, Plea Agreement, ¶12. This Court accepted Leach's guilty plea and sentenced her to a total of twelve months and one day of imprisonment, to be followed by one year of supervised release. See DE#16, Judgment. Leach did not directly appeal her sentence or the waiver of such right. Based on alleged hardship medical issues, Leach later filed a motion to modify her sentence (DE#23), which was denied (DE#24, Order). On or about January 31, 2005, Leach filed the present motion pursuant to 28 U.S.C. §2255, challenging her guilty plea and conviction. DE#25.

## II. Issues Presented

The threshold procedural issue before this Court is whether review is barred because Leach validly waived her right to collaterally challenge her guilty plea and conviction. Substantively, Leach seeks to challenge her guilty plea and conviction by listing the following allegations: 1) her guilty plea was "involuntary", 2) her confession was "coerced", 3) evidence against her was seized in an "illegal" search and seizure, 4) her arrest was "unlawful", 5) the prosecution failed to disclose favorable evidence to her, 6) her conviction was obtained in violation of her privilege against self-incrimination, 7) the grand jury was unconstitutionally selected and impaneled, and 8) she was denied her right to appeal and thus received ineffective assistance of counsel.

The United States asserts that Leach's claims are not reviewable because Leach voluntarily, knowingly, and intelligently entered her guilty plea, expressly waived her right to challenge her guilty plea and conviction in a §2255 motion, and defaulted her claims by not appealing. The United States further asserts that

Leach allegations are conclusory, unsupported, and refuted by the record.

## III. Proposed Conclusions of Law

### Statutory Jurisdiction

Amended 28 U.S.C. §2255 provides in relevant part that "A prisoner in custody....may move the court which imposed the sentence to vacate, set aside or correct sentence." Defendant has correctly filed this motion in the sentencing court that imposed the federal sentence now challenged. When she filed this motion, defendant was in federal custody at F.M.C. in Lexington, Kentucky.

### Applicability of AEDPA, Successiveness

The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA") applies to habeas petitions and §2255 motions, like the present one, that were filed after the statute's effective date on April 24, 1996. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1518, 146 L.Ed.2d 389 (2000); Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

The AEDPA requires courts to determine whether a §2255 motion is "successive". In re Sims, 111 F.3d 45 (6th Cir. 1997)(per curiam). Leach indicates she had not filed any other §2255 motions, and the record does not reflect any. Although Leach has previously filed a motion to modify her sentence for "hardship medical reasons", this did not amount to a §2255 motion. Thus, the Magistrate Judge will assume that this §2255 motion is not successive and that this Court has jurisdiction to proceed further.

### AEDPA One-Year Period of Limitations

The AEDPA provides that §2255 motions are subject to a one-year period of limitations that generally runs from "the date on which the judgment of conviction becomes final". 28 U.S.C. §2255, ¶ 6(1); Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1074, 155 L.Ed.2d 88 (2003). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." Sanchez-

Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004)("In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1).").

Leach's judgment was entered on March 19, 2004, and her conviction and sentence were "final" ten days later. She did not appeal, but later signed (and presumably mailed) the present §2255 motion on January 31, 2005. This is deemed to be the "filing" date under the prisoner mailbox rule, *see* Sanchez-Castellano, 358 F.3d at 425 (applying mailbox rule to §2255 motion), citing Houston v. Lack, 108 S.Ct. 2379 (1988). Leach's §2255 motion was timely filed.

**Threshold Issue: Express Waiver**

As part of her written plea agreement, Leach expressly waived the right to challenge her guilty plea and conviction:

"The Defendant waives the statutory right to appeal the guilty plea and conviction in this case, but not the sentence. The defendant further waives the right to collaterally attack the guilty plea and conviction in this matter." See DE#31, Exh. 1, Plea Agreement, ¶12.

A defendant may validly waive such rights. See United States v. Allison, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002 (1995)(defendant may validly waive the right to appeal); United States v. Watson, 165 F.3d 486, 488-89 (6th Cir. 1999)(defendant may validly waive the right to seek §2255 relief); Davila v. United States, 258 F.3d 448, 450-51 (6th Cir. 2001)(defendant may validly waive the right to challenge conviction via §2255 motion, including claims of ineffective assistance of counsel); Palermo v. United States, 101 F.3d 702, 1996 WL 678222 (6th Cir. 1996)(enforcing waiver and observing that both the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived).

The waiver of rights, like the guilty plea itself, must be knowing, intelligent, and voluntary. See Brady v. United States, 397 U.S. 742 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); United States v. Sammons, 918 F.2d 592, 596 (6th Cir. 1990). Although Leach claims that her guilty plea was "involuntary", she indicated at her plea hearing that she had reviewed the plea agreement with counsel and understood its contents, that she understood the consequences of her

guilty plea and the waiver, and that she gave up such rights voluntarily and knowingly. The record also contains the affidavit of defense counsel who indicates that, prior to entrance of defendant's guilty plea, he "read the entire plea agreement to the Defendant and explained each section and paragraph to her." DE#31, Exh. 4, ¶5. Counsel further indicates that:

> "Prior to entering a guilty plea, I explained to the Defendant what evidence would be presented against her at trial and explained the consequences of pleading guilty as well as the consequences of a conviction at trial. I told the Defendant that the decision to plead guilty was hers to make. I never coerced the Defendant to plead guilty." DE#31, Exh. 4, Affidavit, ¶4.

Although Leach makes the generalized claim that her guilty plea was "involuntary", a guilty plea is not rendered invalid because it represents a compromise by a defendant, thrusts a difficult judgment upon her, or is motivated by fear of greater punishment. United States v. Cox, 464 F.2d 937, 942 (6th Cir. 1972).[2] Leach's present allegation of "innocence" is belied by her sworn statements in open court.

Leach has not shown any plausible reason why her guilty plea and waiver should not be enforced. See United States v. Sykes, 292 F.3d 495, 498 (6th Cir.), cert. denied, 537 U.S. 965 (2002)("informed waivers are valid"); United States v. Fleming, 239 F.3d 761, 764-65 (6th Cir. 2001)(holding that a valid waiver precludes review of an issue). The United States Supreme Court has held that "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984).

**Procedural Default**

---

[2]To the extent she attempts to claim attorney ineffectiveness on such basis, Leach has shown no errors by counsel and has failed to show a reasonable probability that she otherwise would not have chosen to plead guilty. See Strickland, 466 U.S. at 694 ("A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.").

As already noted, Leach expressly waived the right to appeal or collaterally challenge her guilty plea and conviction. See DE#13, Plea Agreement, p. 5, ¶12. She did not waive the right to appeal her sentence. Leach's present claim that she was "unaware that she could appeal" is completely refuted by the record. See DE#25, p. 6, ¶13. The judge specifically advised Leach in open court about her right to appeal, including the right to appeal the waiver. See DE#15. Leach could have appealed her sentence and/or waiver, but did not do so. Hence, her claims are defaulted.

A motion to vacate is not a substitute for direct appeal. United States v. Duhart, 511 F.2d 7 (6th Cir.), *cert. dismissed*, 421 U.S. 1006 (1975); Grant v. United States, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 116 S.Ct. 1701 (1996); United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); Regalado v. United States, 2003 W L 21517170, *6 -7 (6th Cir. (Mich.)), *cert. denied*, 124 S.Ct. 535 (2004).

It is well-established that "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or actual innocence." Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993)(holding that the "cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding."). Leach has not shown "cause and prejudice" or "actual innocence" to excuse default.

Leach attempts to blame her counsel for not appealing. For attorney "ineffectiveness" to amount to "cause" under the "cause and prejudice" standard, it must satisfy the rigorous requirements of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hinkle v. Randle, -- F.3d --, 2001 WL 1194895 (6th Cir. 2001); Lucas v. O'Dea, 179 F.3d 412, 418 (6th Cir. 1999). In Roe v. Flores-Ortega, 528 U.S. 470, 477-78, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the United States Supreme Court explained that the test for ineffectiveness based on a failure to file an appeal is the *Strickland* standard. A defendant may show objectively-deficient performance by demonstrating either (1) that the attorney disregarded his instructions to file a notice of appeal, or (2) that the attorney failed to consult with him about an appeal when counsel knew or should have known that he might want to appeal. Roe, 528 U.S. at 477-78, 120 S.Ct. 1029.

Leach's fleeting allegation is self-serving and unsupported. Counsel

indicates in his affidavit that the defendant never informed him that she desired to appeal her sentence. DE#31, Exh. 4, Affidavit, ¶13. Given the fact that he had obtained a very advantageous plea bargain for Leach, including dismissal of serious conspiracy charges with lengthy possible sentences, and given the fact that Leach had received a relatively short sentence of only one year and a day of imprisonment, defense counsel had no reason to think Leach would desire to challenge such sentence on appeal. Defendant suggests no basis for an appeal of her sentence or any reason to believe her sentence was unlawful in any way. The record reflects no plausible reason for the defendant to have desired to appeal the sentence imposed. Leach has not shown that her counsel disregarded any instructions to file an appeal, nor has she shown that her counsel failed to consult with her about an appeal when counsel knew or should have known that Leach might want to appeal. Leach has not shown that she received constitutionally "ineffective" assistance of counsel that would amount to "cause" to excuse default.

**Insufficient Presentation of Claims**

It should also be pointed out that Leach fails to present any developed argument for most of her issues. A mere list of "issues" without any developed argumentation or citations to authority is insufficient to warrant consideration on the merits. "While the courts liberally construe *pro se* pleadings as matter of course,....judges are not also required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993); see also, United States v. Phibbs, 999 F.2d 1053, 1080 n.12 (6th Cir. 1993), *cert. denied*, 510 U.S. 1119 (1994)("it is not our function to craft an appellant's arguments"); United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000)(refusing to consider merits of claim because defendant had failed to advance any argument in support). Leach does briefly discuss a few allegations, but devotes only a few sentences to them. Her allegations are conclusory, factually unsupported, and devoid of any citations to authority.

Given the lack of any developed argument or factual support for her bare assertions, Leach's claims are not properly reviewable. Brooks v. Edwards, 96 F.3d 1448 (6th Cir. 1996)("Petitioner does not adequately raise the argument..... issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"), quoting United States v. Zannino,

895 F.2d 1, 17 (1st Cir.), *cert. denied*, 494 U.S. 1082 (1990); <u>Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Commission</u>, 59 F.3d 284, 293-294 (1st Cir. 1995)("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones."); <u>Crown Service Plaza Partners v. City of Rochester Hills</u>, 215 F.3d 1325, 2000 WL 658029, *6 (6th Cir. (Mich.)); <u>United States v. Elder</u>, 90 F.3d 1110, 1118 (6th Cir. 1996)(holding that issues that are only fleetingly mentioned and that lack supporting facts and argument are waived); <u>Spirko v. Mitchell</u>, 2004 WL 1085179, *9 (6th Cir. (Ohio))(same).

## Guilty Plea Waives Alleged Antecedent Violations

Moreover, the United States correctly points out that the bulk of the defendant's listed issues are meritless. A defendant (like Leach) who has entered an unconditional guilty plea and received the benefit of her plea bargain, may no longer complain about the purported unlawfulness of the underlying search and seizure, her arrest, the circumstances of her confession, or other such pre-plea matters. The defendant's entrance of a "guilty plea means that all possible non-jurisdictional, pre-plea errors have been waived." <u>United States v. Ormsby</u>, 252 F.3d 844, 848 (6th Cir. 2001); <u>United States v. Pickett</u>, 941 F.2d 411, 416-17 (6th Cir. 1991)("[B]ecause a guilty plea bars any subsequent non-jurisdictional attack on the conviction, defendant's failure to enter a conditional guilty plea prevents him from raising his argument..."); <u>United States v. Bahhur</u>, 200 F.3d 917, 923 (6th Cir. 2000)(same). The United States Supreme Court has explained that:

> "...a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

The record does not reflect that defendant entered a conditional guilty plea. See

United States v. Bell, 350 F.3d 534, 536 (6th Cir. 2003)(holding that to preserve
the right to appeal the ruling on a pre-plea suppression motion, a defendant must
expressly and affirmatively reserve that right).

**Allegation that Favorable Evidence was "Withheld"**

Even if Leach's claims were not waived, defaulted, and inadequately
argued, the claims are meritless and would not entitle her to any relief. For
example, with respect to her allegation that "favorable evidence was withheld",
the record refutes her claim. The United States Supreme Court's decision in Brady
v. Maryland, 373 U.S. 83 (1963) requires the prosecution to disclose evidence
favorable to the defense when the government possess information that the
defendant does not have.  To state a *Brady* claim, a defendant must prove that (1)
the evidence is favorable to her; (2) the prosecution withheld the evidence; and (3)
prejudice ensued. Harbison v. Bell, – F.3d –, 2005 WL 991377, *6 (6th Cir.
(Tenn.)); Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d
286 (1999); Hutchison v. Bell, 303 F.3d 720, 731 (6th Cir. 2002).

Although Leach claims that "favorable" evidence was purportedly
"withheld", her claim consists of nothing more than the assertion that the taped
evidence of her incriminating phone conversation with the cooperating witness
was not played in court for the sentencing judge. This evidence can hardly be
characterized as "favorable". Moreover, the prosecution did not "withhold" such
evidence. Leach's guilty plea simply obviated any need to play the tape in court,
and her mischaracterization of the proceedings does not set forth a *Brady* claim.
Leach agreed to the factual basis in the plea agreement. DE#31, Exh. 1, ¶4.

Leach was certainly aware of the content of the taped recording of her own
conversation. "[T]here is no *Brady* violation if the defendant knew or should have
known the essential facts permitting [her] to take advantage of the information in
question, or if the information was available to [her] from another source." Carter
v. Bell, 218 F.3d 581 (6th Cir. 2000)("it cannot be error for the prosecution to fail
to disclose a defendant's own knowing actions").

Although Leach now claims that she was "unaware" that the message she
communicated to Rains had anything to do with cocaine, she waived such
argument by voluntarily pleading guilty. Leach has shown no reasonable
probability that the taped evidence would have produced a different result (i.e. the

judge would have refused to accept her plea) if the judge had heard it. See
<u>Strickler</u> at 281. Although she now claims she is "innocent", Leach admitted her
guilt in open court. By entering a guilty plea, a defendant voluntarily
acknowledges that she does not contest the factual basis for the prosecution's case
against her. "Entry of a plea of guilty is not some empty ceremony, and statements
made to a federal judge in open court are not trifles that defendants may elect to
disregard." <u>United States v. Stewart</u>, 198 F.3d 984, 987 (7th Cir.1999); <u>United
States v. Loutos</u>, – F.3d –, 2004 WL 1982335, *3 (7th Cir. 2004). As the United
States Supreme Court observed in <u>Blackledge v. Allision</u>, 431 U.S. 63, 74, 97
S.Ct. 1621, 52 L.Ed.2d 136 (1977):

> "Solemn declarations in open court carry a strong presumption of verity.
> The subsequent presentation of conclusory allegations unsupported by
> specifics is subject to summary dismissal."

## IV. No Hearing Required

The United States Supreme Court has observed that "[t]o allow
indiscriminate hearings in federal post-conviction proceedings....would eliminate
the chief virtues of the plea system-- speed, economy, and finality." <u>Blackledge v.
Allison</u>, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977); <u>United
States v. Timmreck</u>, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634
(1979). The government has a fundamental interest in the finality of guilty pleas.
<u>Hill v. Lockhart</u>, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

No hearing is required if the petitioner's allegations are refuted by the
record, inherently incredible, or are merely conclusions rather than statements of
fact. <u>Blanton v. United States</u>, 94 F.3d 227, 235 (6th Cir. 1996)(holding that
"evidentiary hearings are not required when ... the record conclusively shows that
the petitioner is entitled to no relief."); <u>Arrendondo v. United States</u>, 178 F.3d 778
(6th Cir. 1999); <u>Baker v. United States</u>, 781 F.2d 85, 92 (6th Cir. 1986).

The allegations in the present §2255 motion concern legal issues that can be
decided on the record before the Court, and the records conclusively shows that
the petitioner is entitled to no relief. Hence, Leach is not entitled to an evidentiary
hearing. See, e.g., <u>Curry v. United States</u>, 39 Fed. Appx. 993, 994, 2002 WL
1774222, *2 (6th Cir. (Ky.)), *cert. denied*, 522 U.S. 877 (2002), and denial of post-
conviction relief affirmed, 2002 WL 1774222; <u>Vroman v. Brigano</u>, 346 F.3d 598,

606 (6th Cir. 2003); Lott v. Coyle, 261 F.3d 594, 602 (6th Cir. 2001); Pratt v. United States, 2004 WL 1859513, *2 (6th Cir. (Mich.))(finding no abuse of discretion in denying defendant's motion without an evidentiary hearing).

## V. Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. §2253(c)(2), and shall indicate which specific issues satisfy the "substantial showing" requirement. See Murphy v. Ohio, 263 F.3d 466 (6th Cir. 2002)(requiring an "individualized determination of each claim...in considering whether to grant a COA"); see also, Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). In Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed2d 542 (2000), the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling".

When denying a §2255 motion on procedural grounds without reaching the prisoner's underlying constitutional claims, a court should issue a COA only if a defendant meets both prongs of *Slack*. Defendant has not done so. Defendant expressly waived, as part of her plea agreement, her right to collaterally attack her guilty plea and conviction. Leach did not appeal her sentence or the validity of the waiver. Thus, her claims are also procedurally defaulted. Leach has shown no "cause and prejudice" to excuse such default. Defendant has presented only a list of allegations without developed argument or citations to authority. Jurors would not find the procedural recommendation of dismissal "debatable".

Defendant has not made a substantial showing of the denial of any constitutional right. The record plainly shows that defendant, who was ably represented by experienced counsel, was properly and fully informed regarding the terms of her plea agreement, including the waiver, and voluntarily chose to plead guilty. Defendant has not argued or shown any breach of the plea agreement. Her claim that counsel was "ineffective" is conclusory and unsupported by any facts. Jurists of reason would not find it debatable that defendant has failed to make a

substantial showing of any objectively deficient performance by defense counsel and any resulting prejudice. See <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel obtained a very advantageous plea bargain for defendant. Defendant has not shown any reasonable probability that, but for counsel's alleged errors, she would have proceeded to trial instead of pleading guilty. These issues do not deserve encouragement to proceed further, and Leach is not entitled to a certificate of appealability on such basis.

## **RECOMMENDATION**

It is **RECOMMENDED** that:

1) the "Motion to Vacate or Set Aside Sentence" (DE#25) by the defendant, Amy Leach, should be **DENIED** with prejudice; and

2) a certificate of appealability should not be issued.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981); <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See <u>Howard v. Secretary of Health and Human Services</u>, 932 F.2d 505 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof. Rule 72(b), Fed. R.Civ.P.

This the _____7th_____ day of May, 2005.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge